JOHNSON, trustee, *v.* HANYE.

LEWIS, J. Upon the allegations contained in the petition and answer, which at the hearing were admitted to be true and to embrace all the facts necessary to a clear understanding of the issues involved, and especially in view of the concessions made in the defendant's answer, there was no error in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concurring.*

Argued December 14, — Decided December 21, 1897.

Injunction. Before Judge Lumpkin. Fulton county. October 12, 1897.

On April 26, 1892, Sterling, as trustee of three Johnson children, sold to Hanye, under bond for title, a parcel of land in the city of Atlanta in land lot 50 of the 14th district of Fulton county, described as beginning at the northwest corner of Linden and Willow streets, and running thence north along the west side of Willow street 290 feet, thence west along the line of T. J. Swift's property 75 feet, thence south parallel with Willow street 128 feet, thence west 35 feet along Jones line, thence south along the line of Jones and Hilton 164 feet to Linden street, thence east along the north side of Linden street 110 feet to beginning point, for $6,001; on which Hanye paid $1,001 and interest up to April 26, 1896, making a total of $2,601 paid. Hanye defaulted in the payment of the semi-annual interest which fell due in October, 1896; and thereupon Mrs. Johnson as trustee, having been appointed such in the

place of Sterling who had died, brought suit and obtained judgment against Hanye in Fulton superior court, for the amount due by him on the contract of purchase, filed a deed to Hanye for the purpose of levy and sale, and had the sheriff to levy on the property to satisfy the judgment. In the entry of levy occurred an error in giving the line of the property along Willow street as being 210 feet instead of 290 feet, and said entry also failed to state in what county, district, land lot or city the property was situated; the description in other respects following that in the bond for titles. These defects were continued in the advertisement of sale, and the first of them was made in the deed which was filed. On the day advertised for sale, Hanye brought his petition for injunction to prevent it from taking place, and for a restraining order until final hearing, alleging that the errors before mentioned are prejudicial and injurious to him, and he fears they are likely to depress the sale and prevent the property from bringing as full a price as if correctly described, and that therefore there is danger of the execution not being fully satisfied or as nearly so as it would otherwise be. He avers that he is willing that the sale of the property should occur, if made under a proper judgment after proper deed is filed and proper levy and advertisement made according to law. He has presented to the sheriff an affidavit of illegality setting up the foregoing facts, and the sheriff has refused to accept it.

Mrs. Johnson answered, that in her suit against the plaintiff in describing the property she alleged that the east line of it was 210 feet, when in fact it should have been 290 feet, the description being in all other respects correct and in full conformity to the deeds conveying the property; that this error occurred in the verdict and judgment predicated on her suit, and in making her quitclaim deed for the purpose of levy and sale she followed the description as set out in the suit, verdict and judgment, believing that she was conveying for said purposes the entire property theretofore sold to Hanye; and that she is willing that the entire record in said suit be made to conform to the deeds conveying the property. She therefore prays that the suit, verdict, judgment and levy be so amended as to

make it conform to the truth, and to follow the description as set out and embraced in the deed from Sterling, trustee, as set out in the petition, and that upon her filing quitclaim deed correcting the deed of file so far as relates to the error in the description, the sheriff cause the property to be sold under the levy now in force, without readvertisement, at the next sheriff's sales day succeeding the judgment of this court.

The court granted the injunction as prayed for; and held that there was no jurisdiction at this interlocutory hearing in advance of the appearance term to render a final decree correcting said error, or to grant the prayers of defendant upon mere motion at this time.

*R. B. Blackburn,* for plaintiff in error.
*Alexander & Lambdin,* contra.